United States District Court
Southern District of Texas
**ENTERED**
August 13, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOAN C ELLIS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-4370 |
| § | |
| CARRINGTON MORTGAGE SERVICES, § | |
| LLC, *et al*, § | |
| § | |
| Defendants. § | |

### **ORDER**

Plaintiff Joan Ellis has filed an opposed Motion for Leave to File Amended Petition (Doc. No. 39), to which Defendant Carrington Mortgage Services, LLC ("Carrington") responded (Doc. No. 43). After careful consideration, the Court hereby **DENIES** Ellis' Motion for Leave to File Amended Petition (Doc. No. 39).

### **I. Relevant Background**

The procedural background of this case is instructive. On November 21, 2016, Ellis filed her Verified First Amended Petition in state court. (Doc. No. 1-6 at 145). After filing five supplements, on September 9, 2019, Ellis supplemented her petition a sixth time to include Carrington as a Defendant by filing her Sixth Supplement[1] to Joan C. Ellis' Verified First Amended Petition (the "Complaint"). (Doc. No. 1-2 at 49). Carrington removed the suit to this Court (Doc. No. 1) and later filed a motion for summary judgment, to which Ellis failed to respond timely. Defendant filed a Notice of No Response indicating that no response to the summary judgment had been filed. (Doc. No. 38). Subsequently, Plaintiff filed the instant motion seeking leave to

---

[1] Although an earlier supplement filed on July 15, 2019 named Carrington as a defendant, there is no proof that Carrington was ever served until the Sixth Supplement. (*See* Doc. No. 20).

amend her "petition," as well as motions for summary judgment against Carrington and co-defendants, the Weavers. (Doc. Nos. 39, 40 & 41). Even though this motion includes two attachments that appear to be two separate complaints against each set of defendants, the motion itself refers to the proposed complaint as an "amended petition," an "amended response," and the "Fourth Amended Original Complaint." (Doc. No. 39 at 1–2). Given the Plaintiff's descriptions and the fact that each attachment presents the same issues, the Court will treat the proposed amendment as one singular complaint for purposes of this order.

## II. Legal Standard

Under Federal Rule of Civil Procedure 15(a), pleadings may be amended once as a matter of course before a responsive pleading is served, and thereafter by leave of court. *See* Fed. R. Civ. P. 15(a). Rule 15(a)(2) governs amendments after a responsive pleading is served and provides that such leave "shall be freely given when justice so requires." *Id.* "However, it is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, and futility of amendment. *Id.*

## III. Analysis

Plaintiff's motion must be governed by Rule 15(a)(2) because the time to amend a pleading once as a matter of course has passed. Plaintiff's motion is short. It states that the request is made "[i]n order to clarify for the Court and for opposing counsel that Plaintiff's is representing himself," and the words "Plaintiff's is representing himself" have been crossed out by hand. (Doc. No. 39 at 1). The motion is signed by Plaintiff's counsel, and the Court knows of no reason to infer that

Plaintiff is *pro se*. With only this bare assertion, the motion contains no allegations or arguments as to how justice would be served by granting such leave. While a formal motion is not always required, "the requesting party [must] set forth with particularity the grounds for the amendment and the relief sought." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Plaintiff did not cite to Rule 15 or provide any other justification for granting leave. Plaintiff's failure to explain what would be accomplished by this further amendment (after filing six supplements in state court and fifteen months since removal to federal court) weighs against granting leave to amend.

Moreover, the Fifth Circuit has held that it is within the district court's discretion to disallow the introduction of a new issue when it was raised for the first time after parties had made motions for summary judgment. *See Lamar v. Am. Fin. Sys. of Fulton Cnty., Inc.*, 577 F.2d 953 (5th Cir. 1978). In the present case, the proposed amended complaint asserts new causes of action Carrington and the Weavers. For example, the amended complaint alleges, for the first time, claims against Carrington for tortious inducement of the Weavers to breach their contract with Ms. Ellis, as well as trespass to try title, foreclosure resulting in unjust enrichment, and quiet title. (Doc. No. 39, Ex. B). Both defendants had already filed motions for summary judgment before this motion was filed. (*See* Doc. Nos. 28-1 & 37). The inclusion of newly asserted claims after motions for summary judgment were filed, especially after Plaintiff already filed six supplements to her state court petition, further weighs against granting leave to amend.

Finally, the proposed amended complaint is very short on facts. Indeed, there is no factual background section whatsoever and no new factual allegations to support the new claims. (*See* Doc. No. 39, Exs. A & B). Instead, the focus of the pleadings is the addition of new claims, apparently in reliance upon the iteration of allegations in previous filings. Given the nature of the

proposed amended pleadings, standing on their own, they would not survive a motion to dismiss and are therefore futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863 (5th Cir. 2000) (interpreting futility to mean that amended complaint would fail to state a claim upon which relief could be granted).

## IV.   Conclusion

Accordingly, Plaintiff's Motion for Leave to Amend is **DENIED**.

Signed at Houston, Texas, this 13th day of August 2021.

Andrew S. Hanen
United States District Judge